**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ASAD HAJUR BEY,

                Plaintiff,

                                                Case No. 3:16-cv-1575-J-20JRK

vs.

STATE OF FLORIDA,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**I.  Status**

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), filed December 27, 2016, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). On the same date, Plaintiff filed a complaint titled "Amended Counter Petition" (Doc. No. 1; "Complaint") that was later followed by an "Amended Counter Petition #2" (Doc. No. 5), filed February 2, 2017, and an "Amended Counter Petition #3" (Doc. No. 6; "Second Amended Complaint"), filed March 22, 2017. Plaintiff also filed a "[Petition for] Writ of Habeas Corpus" (Doc. No. 4) on February 1, 2017.

On April 11, 2017, the undersigned entered an Order (Doc. No. 7), taking the Motion under advisement and advising Plaintiff that his claims appeared subject to dismissal for failure to state a viable claim upon which relief may be granted. Order at 6-7. The Order noted, among other deficiencies, that Plaintiff sued only the State of Florida, which is immune

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

from suit, and also that Plaintiff failed to provide sufficiently detailed allegations of the circumstances of his traffic stop and arrest to establish any constitutional violation. Id. at 4-5. Plaintiff was given an opportunity to file a Third Amended Complaint to correct the deficiencies and state a viable claim. Id. at 7.

On May 23, 2017, Plaintiff filed an Amended Complaint (Doc. No. 8), here construed as his "Third Amended Complaint." Upon review of the Third Amended Complaint and the file as a whole, the undersigned recommends that the Motion be denied and the case be dismissed for failure to state a claim on which relief may be granted, as well as for frivolity.

## II.  Applicable Law

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (unpublished). While a litigant need not show she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins.

Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

As to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation

and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III.  Discussion

Here, although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of Plaintiff's Third Amended Complaint reveals that it is likely subject to dismissal for failure to state a viable claim and for frivolity.

Plaintiff's main factual allegations involve a traffic stop, search, and arrest conducted by Defendant Officer Snyder, although the Third Amended Complaint contains few details about the actions or circumstances at issue.[2]  See Third Amended Complaint at 6-7.  Plaintiff claims his constitutional rights were violated,[3] and he asserts his arrest was a result of racial profiling. Id. at 2, 4, 6-7.  He states he "is American Indian and the [officer] is Caucasian."

---

[2] The facts alleged in Plaintiff's initial Complaint shed some light on the encounter.  See Complaint at 1.  The initial Complaint states that the vehicle was stopped "for a window tint violation." Id.  It further indicates that "the officers had a dog go around the car" and then commenced a search of the vehicle and Plaintiff. Id.  According to the initial Complaint, Plaintiff was arrested for possession of cocaine. Id.  As noted in the April 11, 2017 Order (Doc. No. 7), a review of the state court docket reveals that the criminal charge for cocaine possession, filed on July 21, 2016, was dismissed on March 14, 2017. See Order at 4.

[3] Plaintiff specifically cites the privileges and immunities clause, Article IV, § 2 of the United States Constitution. See Third Amended Complaint at 1, 4.  Construing the pro se pleading liberally, however, the undersigned also considers whether Plaintiff has set forth viable claims for violations of other constitutional rights, such as the Fourth Amendment right against unreasonable searches and seizures.

Id. at 6.  He suggests the officers had no reason, other than racial profiling, to stop the vehicle.  Id. at 7.  Plaintiff asserts, for example, "[t]here were no issues of defect with the vehicle to even stop it."  Id.  He asks, rhetorically, "If there was [an issue or defect], why was not a citation written for a faulty this or faulty that[?]"  Id.

According to Plaintiff, the actions at issue were part of a policy of discrimination.  He alleges, for instance, the following:

> It is the official policy of Palatka Police Department to arrest citizens for traveling in their jurisdiction of United States as a guest, opposed to United States of America, from racial profiling from Palatka Police Department by orders of Chief Shaw Jr. to get petitioner who has complained in the past of discriminatory actions of the police officers and Sheriffs' condoning, malicious prosecutions that is wide spread throughout City of Palatka, and State of Florida.

Id. at 5.  He also states, "Officer Snyder had actual and constructive knowledge [of the Constitutional violations against Plaintiff] given to him from command center, while standing at the scene of the action, having a meeting with headquarters."  Id. at 6.  In addition, the Third Amended Complaint contains numerous general assertions about the practices and duties of various persons and entities, including Defendants, as well as Putnam County, the City of Palatka, and the Palatka Police Department.  See id. at 3-6.

Plaintiff fails to state a claim for violation of his constitutional rights.  To state a Fourth Amendment claim, Plaintiff must allege, among other things, that there was no "arguable probable cause" for the officer to conduct the search or make the arrest; otherwise, the officer is shielded by qualified immunity.  Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004); Burgess v. Mayo, No. 8:13-cv-2446-T-36AEP, 2014 WL 4373428, at *2 (M.D. Fla. Sept. 3, 2014) (unpublished).  And to claim racial discrimination in violation of Plaintiff's equal protection rights under the Fourteenth Amendment, Plaintiff must allege facts to show he was "singled out for prosecution although others similarly situated who have committed the same

acts have not been prosecuted," and that "the government's selective prosecution [was] motivated by constitutionally impermissible motives such as racial or religious discrimination or his exercise of constitutional rights." King v. Wooden, No. 5:16-cv-750-RDP-JEO, 2016 WL 4870530, at *4 (N.D. Ala. Aug. 24, 2016) (unpublished Report and Recommendation) (quoting Owen v. Wainwright, 806 F.2d 1519, 1523 (11th Cir. 1986)), adopted, 2016 WL 4762545 (N.D. Ala. Sept. 13, 2016) (unpublished Order). Plaintiff "cannot simply make the naked assertion, without factual support, that he was discriminated against on the basis of his race." Id. (citing Iqbal, 556 U.S. at 678).

Here, the pleading lacks factual allegations to show that Plaintiff was singled out and treated differently from others, that the officer's actions were motivated by race, or that the officer lacked any arguable probable cause to conduct the search or the arrest. Indeed, aside from bare allegations, Plaintiff offers nothing to indicate how the officer's actions were unfair or improper in any respect.

Even if Plaintiff had stated a viable claim against the arresting officer, Plaintiff's claims would still be subject to dismissal to the extent they are asserted against the other Defendants—that is, the State of Florida, the governor of Florida, and the City of Palatka's police chief. The State of Florida itself, as Plaintiff was previously advised, is immune from suit. See Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990) (holding that section 768.28 of the Florida Statutes "does not waive Florida's Eleventh Amendment immunity") (citing Hamm v. Powell, 874 F.2d 766, 770 n.3 (11th Cir. 1989)). And to the extent the governor is sued in his official capacity, the governor is also immune. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (stating that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" (citation omitted)).

Moreover, supervising officials are not liable unless they "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (citation omitted); see also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding supervisory officials are not liable on the basis of respondeat superior or vicarious liability for the acts of a subordinate in an action under 42 U.S.C. § 1983). Although Plaintiff apparently attempts to establish a causal connection to Defendants by claiming there was a larger policy of racial profiling, the pleading lacks sufficient factual allegations to plausibly support that there was any policy or custom or that Plaintiff's arrest had any relation to such a policy. See, e.g., Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1330 (11th Cir. 2003) (noting that "[a] single incident would not be so pervasive as to be a custom or practice" (citation omitted)); Threats v. City of Bessemer, No. 2:13-cv-0486-JEO, 2013 WL 2338701, at *5 (N.D. Ala. Apr. 29, 2013) (unpublished Report and Recommendation) (finding a plaintiff's claim that "officers' wrongdoing was 'within the policy, practice, custom, or procedure of the municipality' was a string of legal buzzwords associated with municipal liability and failed to identify the particulars of any custom or policy or how it led the officers to arrest the plaintiff without probable cause" (citations omitted)), adopted, 2013 WL 2355341 (N.D. Ala. May 23, 2013) (unpublished Order).

As a final matter, the Third Amended Complaint contains an additional claim, for fraud, that is only loosely related to the traffic stop. Third Amended Complaint at 7-8. In the fraud claim, Plaintiff asserts that the arresting officer, Defendant Officer Snyder, "represent[ed] the STATE as an attorney in the original arrest before a judge," despite that the officer "is not an attorney." Id. at 7. It appears that, in Plaintiff's view, the officer was purporting to represent the state as an attorney by "sign[ing] the arrest complaint and fil[ing] it in court." Id.

According to Plaintiff, "The court of Palatka allowed this and was ignorant to the fact Officer Snyder was not licensed to practice in Florida." Id. at 7.  This claim is due to be dismissed because it is frivolous.

## IV.  Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

1. the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice**.

3. The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 27, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Harvey E. Schlesinger
United States District Court

Pro se party